In the Matter of the Estate of Leo L. Doblin, Deceased.

Surrogate's Court, New York County, December 30, 1930.

*Gilbert & Gilbert*, for the petitioner.

*Stroock & Stroock*, for Montefiore Hospital.

*Hoadly, Lauterbach & Johnson*, for Mount Sinai Hospital.

*House, Grossman & Vorhaus*, for Frederick Brown and others.

*Edwin A. Tennant, Jr.*, special guardian.

O'Brien, S. In this accounting proceeding a question of construction has been raised with respect to paragraph 9, subdivision d, and paragraph 39. " *Ninth*. I give, devise and bequeath to the National City Bank of New York, in trust nevertheless, the

respective sums in the subdivisions of this paragraph named, each of which shall constitute a separate and distinct trust, to invest and reinvest the same as hereinafter provided, to collect the rents, issues and profits therefrom and to pay the income and principal thereof as hereinafter provided, to wit: * * *

" (d) The sum of sixty thousand dollars ($60,000) during the term of the natural life of my beloved brother Henry Doblin, and during the said term to pay over to him quarterly the net income and profits thereof; in the event my said beloved brother shall predecease me or upon his death after me leaving his wife Sophie Doblin him surviving, then said sum is to be continued in trust during the term of the natural life of said Sophie Doblin, the wife of my brother Henry Doblin, and during said term to pay over to her quarterly the net income and profits thereof. Upon the death of my said brother Henry Doblin and his said wife together or not before or after my death, I give and bequeath one-half ($\frac{1}{2}$) of said sum, to wit, thirty thousand dollars ($30,000) to the Hospital for Joint Diseases of the City of New York for the installation of an additional pathological department to be known as ' Leo L. Doblin Pathological Endowment,' and I give and bequeath the remaining one-half ($\frac{1}{2}$) thereof, to wit, thirty thousand dollars ($30,000), to the persons named and for the purposes stated in Paragraph ' Eighth ' of this my will."

" *Thirty-ninth*. It is my will, and I hereby direct, that in the event my estate shall not be sufficient to pay and set up all of the legacies and trusts in full, that the said legacies and trusts shall be paid and set up in the following order: (1) The specific legacies to my beloved wife Louise H. Doblin, as provided in Paragraph ' Second ' and ' Third ' in full; (2) the trust fund or funds for my beloved wife Louise H. Doblin, my daughter Eva Leonore Doblin and my son Leo H. Doblin, Jr., as provided for in paragraphs numbered ' Fourth,' ' Fifth,' ' Sixth ' and ' Seventh ' of this my will; (3) the trust fund for my sister Martha Schaem and her husband Morris Schaem provided for in Paragraph ' Ninth,' subdivision ' (a) ' in full, and the trust fund for my brother Henry Doblin and his wife Sophie Doblin provided for in Paragraph ' Ninth,' subdivision ' (d) ' in full; (4) the bequest provided for in Paragraph ' Thirtieth ' for the maintenance of my burial plot; and thereafter, all of the other legacies and trusts, if necessary, shall abate *pro rata*."

Henry Doblin has died and this accounting is of the trust for his benefit. While nothing is said either in the account or in the briefs of counsel concerning the death of Sophie, wife of Henry Doblin, it is to be inferred from the statement in the account of

" persons interested " that she also is dead. Briefly stated, the question raised with respect to paragraph 9, subdivision d, is whether or not by reason of the provisions of paragraph 39 the remaindermen named in said paragraph 9, subdivision d, are to be deemed to be preferred as was Henry Doblin and his wife Sophie. There are many strong arguments to be urged for both sides of the question.

However, after a careful analysis of the whole will, the testamentary scheme and the language used in the above-quoted paragraphs particularly, I hold that the remaindermen are not preferred. Among the several factors leading to this conclusion are the following: (1) The nearer relations, viz., the wife, children, sister and her husband and brother and his wife were manifestly uppermost in testator's intentions. (2) While testator was most generous in his charities, it cannot be urged that he intended to place them on equal terms with said relations. (3) It is reasonable to assume that if testator desired to have the remaindermen in question preferred, viz., (a) the Hospital for Joint Diseases of the City of New York and (b) the persons named and the purposes stated in paragraph 8, he would have clearly and definitely indicated such a desire in adequate language in said paragraph 39. (4) Moreover, if he desired to place this great charity in the same class of preferred legatees or beneficiaries as his near relatives he would have included in express terms the trust created in paragraph 8 for said hospital and the legacy to said hospital set forth in paragraph 32, in the list of preferred in paragraph 39. (5) The words " in full " used in paragraph 39 in connection with the trust now being accounted for, in my opinion, were intended not to include the remaindermen within the preference stated, but rather to emphasize the intention that the trusts provided for his brother Henry and the latter's wife were not to be diminished by reason of any lack of sufficient funds in his estate. (6) While testator provided larger sums for said hospital than any individual legacies given by him to the upwards of fifteen most worthy charities, the total sum given to the latter is substantially larger than the total bequests made outright to said hospital. If, as it may be argued, said hospital was shown to be closer to his heart than the other charities named in the will, testator made *no express provision* to prefer said hospital, and the will is a carefully drawn instrument. Submit decree accordingly.